**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 12-4883**

—————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TYRONE DAVIS,

                    Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:11-cr-02341-RBH-1)

—————————

Submitted:  March 13, 2013        Decided:  March 15, 2013

—————————

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

James P. Rogers, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  Alfred William Walker Bethea,
Jr., Assistant United States Attorney, Florence, South Carolina,
for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Davis pled guilty, pursuant to a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006), and was sentenced to 180 months' imprisonment. He appealed. Davis' counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Davis' guilty plea and whether the district court erred in sentencing Davis. Davis was notified of his right to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

Because Davis did not move in the district court to withdraw his guilty plea, any errors in the Rule 11 hearing are reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). "To establish plain error, [a litigant] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Davis satisfies these requirements, we retain discretion to correct the error, which we should not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. A review of the record establishes that the district court complied with Rule 11's

2

requirements, ensuring that Davis' plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offense to which he was pleading guilty. Accordingly, we affirm Davis' conviction.

We review Davis' sentence under an abuse of discretion standard, assessing it for procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2008). Our review of the record leads us to conclude that the district court properly calculated Davis' Guidelines range and offered a sufficiently reasoned explanation for the sentence imposed. Thus, the sentence is procedurally reasonable. Further, Davis' sentence to the statutory mandated minimum terms of imprisonment is per se substantively reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). Accordingly, we affirm Davis' sentence.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

3

representation. Counsel's motion must state that a copy thereof was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED